■ George Kioleidis, an Infant, by His Mother, Joan Kioleidis, Appellant-Respondent, v Pergament United Sales, Inc., Respondent-Appellant.—In an action to recover damages for personal injuries, etc., (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Di Paola, J.), entered October 28, 1987, as granted that branch of the defendant's posttrial motion which was to set aside the jury verdict as to damages as excessive, unless he consented to reduce the verdict as to damages to the principal sum of $15,000, and the defendant cross-appeals from so much of the order as denied those branches of its posttrial motion which were to set aside the jury verdict as inconsistent and to set aside the jury verdict as against the weight of the evidence, and (2) the defendant appeals, as limited by its brief, from so much of an interlocutory judgment of the same court, entered March 4, 1988, as is in favor of the plaintiff and against it on the issue of liability, and the plaintiff cross-appeals, as limited by his brief, from so much of the same interlocutory judgment as, upon his filing of a "Notice of Election" not to consent to a reduction of damages,

granted the defendant a new trial on that issue. The appeal from the order entered October 28, 1987 brings up for review so much of an order of the same court, entered December 4, 1987, as, upon reargument, adhered to the original determination granting that branch of the defendant's posttrial motion which was to set aside the jury verdict as to damages as excessive (see, CPLR 5517).

Ordered that the appeal from the order entered October 28, 1987 is dismissed, without costs or disbursements, as the portion of that order which is appealed from was superseded by the order entered December 4, 1987, made upon reargument; and it is further,

Ordered that the order entered October 28, 1987 is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order entered December 4, 1987 is modified, on the facts and as an exercise of discretion, by deleting therefrom the sum $7,500 and substituting therefor the sum $12,500; as so modified, the order entered December 4, 1987 is affirmed insofar as reviewed, and the order entered October 28, 1987 is modified accordingly; and it is further,

Ordered that the interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the interlocutory judgment is reversed insofar as cross-appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and the plaintiffs' time to serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $25,000 and to reduce the damages payable by the defendant to $12,500, which represents the defendant's proportionate share of the damages to the plaintiff, and to the entry of an amended judgment accordingly, is extended until 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry.

The 12-year-old plaintiff sustained a fractured wrist when, while riding his bicycle along a sidewalk in a shopping center owned by the defendant, he was propelled to the ground. The plaintiff said that he had been riding in the parking lot but he swerved onto the sidewalk, which was virtually level with the lot at that point. He continued riding straight on the three-foot-wide sidewalk, but only "[a] couple of seconds" later, was flung to the ground when he went over a 15-inch-high curb

which he noticed only after the fall. The plaintiff explained that from his vantage point on the bicycle he could not see that the sidewalk ended at the 15-inch-high curb. He explained that "the sidewalk looked like it went straight, it looked like one big piece, and I was riding the bicycle and the sidewalk stopped".

At the trial, a licensed professional engineer testified that the curb in question exceeded the 7¾-inches maximum height prescribed for risers in 9 NYCRR former 821.4. The expert opined that the design of the curb was "improper and it caused a dangerous condition" and that the curb was "[e]xtremely unsafe".

The defendant's claim that the plaintiff's proof was deficient on the issue of causation since the expert did not testify that the code violation was a proximate cause of the accident must be rejected. Upon the evidence adduced at the trial, the jury was capable of and warranted in concluding, in the absence of expert testimony, that the dangerous condition to which the expert testified "was a substantial cause of the events which produced the injury" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Based upon their own commonsense and everyday experiences, the jurors could conclude that had the step been half its size the plaintiff could have negotiated it without injury.

The award of damages was excessive to the extent indicated.

We have examined the defendant's remaining contentions and find them to be unpreserved for our review and, in any event, without merit. Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.